# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ALEXANDER RAYMOND STOCK

**(b)** County of Residence of First Listed Plaintiff  Grundy
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Russell L. Leonard, 1016 West Main Street, Suite 3, Monteagle, Tennessee 37356

## DEFENDANTS
Grundy County, TN, Grundy County Sheriffs Dept, Sheriff Heath Gunter, and Deputy Sheriff, Vinny Cardella

County of Residence of First Listed Defendant  Grundy
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 370 Other Fraud | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury | 371 Truth in Lending | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 380 Other Personal Property Damage | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| | | | | 863 DIWC/DIWW (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | 864 SSID Title XVI | 890 Other Statutory Actions |
| 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE September 14, 2023

SIGNATURE OF ATTORNEY OF RECORD  Russell V. Leonard

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE AT CHATTANOOGA

| | |
|---|---|
| ALEXANDER RAYMOND STOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:23-CV-207 |
| GRUNDY COUNTY, TENNESSEE, ) | |
| GRUNDY COUNTY SHERIFFS DEPARMENT, ) | |
| SHERIFF HEATH GUNTER, and ) | JURY DEMANDED |
| DEPUTY SHERIFF VINNY CARDELLA, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

### I. INTRODUCTION

Plaintiff, Alexander Raymond Stock, brings this action for damages pursuant to and authorized by, but not necessarily limited to, provisions under the Fourth Amendment to the United States Constitution and under federal law, specifically 42 U.S.C. §1983 and 1988, for an unlawful search, negligent supervision, and under State law, specifically under The Tennessee Constitution, Article 1 Section 7, for tortious battery/unlawful search, and negligent infliction of emotional distress, and therefore Plaintiff asks this Honorable Court to exercise pendent jurisdiction under all State law claims.

This action is also properly brought against Grundy County, Tennessee for its failure to properly train and supervise Defendant deputy sheriff, Vinny Cardella (Cardella), in good police practices and procedures including but not limited to the proper basis for a personal search/pat down, which caused Alexander Raymond Stock to suffer deprivation of constitutional rights and other damages.

1

## II.   JURISDICTION AND VENUE

1. This Honorable Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and § 1343, and venue is proper in the United States District Court for the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391.

2. The causes of action set forth herein arise from acts and/or omissions committed by the Defendants within this Judicial District.

3. Upon information and belief, the individual Defendant, Deputy Sheriff Vinny Cardella, resides within this Judicial District. At least in part, this action is brought against the County of Grundy, Tennessee for its failure to properly train and supervise Defendant Cardella in proper police practices and procedure, specifically when and under what conditions a pat down search is lawful.

## III.   PARTIES

4. Plaintiff, Alexander Raymond Stock (Plaintiff), was at all material times, a citizen and resident of 29390 State Route 108, Gruetli-Laager, Grundy County, Tennessee 37339.

5. The Defendant, Grundy County, Tennessee, is a political subdivision of the State of Tennessee and a governmental entity for which Defendant Cardella was employed, and can be served through the Mayor of Grundy County, Tennessee, Michael Brady whose office address is 68 Cumberland Street, Suite 133, Altamont, Tennessee 37301. The Defendant, Grundy County Sheriff's Department, can be served through the Defendant Sheriff, Heath Gunter (Gunter), at the Grundy County Sheriff's Department offices and jail, located at 62 Spring Street, Altamont, Tennessee 37301. The Defendant, Sherriff Heath Gunter, can be served at the Grundy County Sheriff's office and jail located at 62 Spring Street, Altamont, Tennessee 37301. The Defendant, Grundy County, Tennessee, is a political subdivision of the State of Tennessee and a governmental

entity for which Defendant, Vinny Cardella was employed as a deputy sheriff, and can be served through its duly elected mayor Michael Brady whose office address is 68 Cumberland Street, Suite 133, Altamont, Tennessee 37301, or otherwise.

6. The County of Grundy County, Tennessee has established or delegated to Defendant, Heath Gunter as Sheriff of Grundy County, the responsibility for establishing, implementing, and enforcing policies, practices, procedures and customs used by law enforcement officers employed by the County of Grundy Sheriff's Department regarding investigations, stops and arrests for the purpose of lawful arrests.

7. Defendant, Vinny Cardella, upon information and belief, was at all times material to the facts of this Complaint, acting in his capacity as a Deputy Sheriff employed by the County of Grundy, Tennessee, and of the Grundy County Sheriff's Department, and was acting under color of State law.

## IV. STATEMENT OF FACTS

8. On or about September 22, 2022, Plaintiff Stock was driving his older model BMW that he was restoring with his twelve (12) year old niece as his passenger. Plaintiff was stopped which traveling on Highway 108, near 57th Avenue in Gruetli-Laager, Tennessee, by Defendant Vinny Cardella on a routine traffic stop. Plaintiff advised Defendant Cardella when asked about his speed, if Plaintiff was doing 72 – mph in a 45-mph zone. Plaintiff advised Defendant Cardella that his speedometer was not operable at the moment.

9. Plaintiff had left his proof of insurance in another vehicle and did not have it with him during this traffic stop, and as the vehicle did not have seatbelts at this time, Plaintiff was not wearing a seatbelt.

10. Defendant Cardella asked Plaintiff to exit his vehicle, at which time Plaintiff asked

3

Cardella for what reason? Defendant Cardella advised Plaintiff "there are two (2) of you and one (1) of me". When Plaintiff asked a second time while on his way to Defendant Cardella's police vehicle, what was the purpose of him stepping out of his car, Defendant Cardella told Plaintiff that it was "protocol".

Plaintiff never articulated that he was agreeing to a body search. Plaintiff felt powerless to object adamantly, as his twelve (12) year old niece was present, and Plaintiff was uncertain as to how the officer would act in her presence if Plaintiff adamantly objected.

11. Plaintiff found officer Cardella to be somewhat confrontational in his demeanor. During the initial encounter Defendant Cardella asked the Plaintiff if he had guns or weapons in his vehicle, which Plaintiff denied.

12. Nonetheless, Defendant Cardella proceeded to touch Plaintiff's person searching and patting him down for the presence of weapons.

13. Plaintiff was detained by Cardella for about forty-five (45) minutes on a routine traffic stop.

14. Plaintiff avers that he suffered emotional distress as a result of Defendant Cardellas unlawful search and violation of his Constitutional Rights, as Defendant Cardella had no articulable facts to support a suspicion that Plaintiff was then and there armed and dangerous, and no reasonable and articulable basis for believing that he, Defendant Cardella, was in danger of being attacked by Plaintiff with a weapon.

15. Defendant Cardellas only articulable fact in support of his illegal pat-down of Plaintiff was his claim that it was "protocol".

## V. CAUSES OF ACTION

### Count I
### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (Unlawful Search)

16. Alexander Raymond Stock realleges and incorporates herein by reference the allegations of the Complaint previously set forth herein.

17. Defendant Cardella acting under Color of Law in effecting a routine traffic stop, unlawfully caused Plaintiff to be the subject of a physical search of his person for weapons that was unwarranted and therefore unlawful, violating his constitutionally protected rights under the Fourth Amendment.

18. In violating the rights of Alexander Raymond Stock as set forth above, Defendant Cardella acted under color of state law when he unlawfully touched and searched the person of your Plaintiff.

19. As a direct and proximate result of the violation of his constitutional rights by Defendant Cardella, Alexander Raymond Stock suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983.

20. The conduct of Defendant Cardella was willful, malicious, oppressive and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

### Count II
### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (Failure to Implement Appropriate Policies, Customs, and Practices)

21. Alexander Raymond Stock realleges and incorporates herein by reference the allegations set forth in this Complaint previously herein.

22. Defendant County of Grundy, Tennessee, implicitly or explicitly, through the then

Defendant Sheriff Gunter and the Sheriff's Department for Grundy County, failed to adopt and implement policies, customs or practices to ensure that all employees and officers of the Grundy County Sheriff's Department are properly trained in the use of appropriate police practices and procedures.

23. The failure of Defendant Sheriff Gunter, and Grundy County, Tennessee, to adequately train and supervise Defendant Cardella amounts to deliberate indifference to the rights of Plaintiff Alexander Raymond Stock to be free from unreasonable search of his person resulting in a violation of his personal integrity, in violation of the Fourth Amendment, as well as the Tennessee Constitution as found at Article One Section 7.

24. As a direct and proximate result of the violation of his state and constitutional rights by the Defendants, Plaintiff Alexander Raymond Stock suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C. §1983.

25. The conduct of the Defendant Cardella was willful, malicious, and oppressive and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

### Count III
### State Law Claims
### Violation of Civil Rights Pursuant to The Tennessee Constitution, Article I, Section 7
### (Unlawful Search/Pat down/Tortious Battery)

26. Plaintiff incorporates fully all averments stated previously in his Compliant as if fully set out herein and avers that Defendant Cardella unlawfully touched, searched/patted down his person without probable cause in violation of the Tennessee Constitution as found at Article One Section 7.

27. Defendant Sheriff Gunter, in his capacity as Sheriff of Grundy County, and the

6

Case 1:23-cv-00207-JRG-CHS   Document 1   Filed 09/14/23   Page 7 of 10   PageID #: 7

Defendant County of Grundy, Tennessee implicitly or explicitly failed to adopt and implement policies, customs, or practices to ensure that employees and officers of the Grundy County Sheriff's Department are properly trained in the use of appropriate police practices and procedures.

28. The failure of Defendants Sheriff Gunter and the County of Grundy to adequately train and supervise Defendant Cardella amounts to deliberate indifference to the rights of Plaintiff to be free from unreasonable tortious battery/pat down without due process under the State Statutory and Constitutional law.

29. As a direct and proximate result of the violation of his rights by the Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and is entitled to relief State law.

30. The conduct of the Defendant Cardella was willful, malicious, and oppressive and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## DAMAGES

31. Defendant Cardella acted under color of law in his official capacity, to deprive Plaintiff, Alexander Raymond Stock, of his right to freedom from an unlawful tortious battery search of his person. This right is secured to Plaintiff by the Fourth Amendment to the Constitution of the United States via 42 U.S.C. §§1983 and 1988, and Article I of the Tennessee Constitution as found at Section 7 thereof.

32. Plaintiff Alexander Raymond Stock suffers from emotional distress and mental anguish affecting his psychological well-being as a result of the trauma of his illegal bodily search/pat down in the presence of his twelve (12) year old niece.

33. Alexander Raymond Stock is entitled to compensation for the Constitutional harms

that the Defendants inflicted upon him, resulting from the willful, malicious, and oppressive and/or reckless acts and/or omissions of the Defendants, and therefore compensatory as well as punitive damages should be imposed upon Defendants jointly and severally.

## PRAYER FOR RELIEF

**WHEREFORE**, the above premises considered, Alexander Raymond Stock respectfully requests:

1. That process issue to the Defendants and they be required to answer within the time allowed by law;

2. That judgment be rendered in favor of Alexander Raymond Stock and against the Defendants on his causes of action asserted herein;

3. That Alexander Raymond Stock be awarded those damages to which it may appear he is entitled by the proof submitted in this cause for his embarrassment and emotional distress and mental pain and suffering, both past, present, and future, and loss of enjoyment of life; in the amount of fifty thousand ($50,000.00) dollars;

4. That Alexander Raymond Stock be awarded punitive damages in a like amount against the Defendants named herein;

5. That Alexander Raymond Stock be awarded reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988 (b) and (c);

6. That Alexander Raymond Stock receive any further and general relief to which it may appear he is entitled; and

7. A jury of twelve (12) for the trial of this matter.

Respectfully Submitted:

_____
RUSSELL L. LEONARD, BPR # 014191
*Attorney for Alexander Stock*
1016 West Main Street, Suite 3
Monteagle, Tennessee 37356
P: (931) 924-0447
F: (931) 924-1816
rleonardlegal@gmail.com

I am surety for costs not to exceed $500.00

_____
RUSSELL L. LEONARD

_____
ALEXANDER RAYMOND STOCK

**STATE OF TENNESSEE** )
**COUNTY OF** Franklin )

I, the undersigned Plaintiff, ALEXANDER RAYMOND STOCK, after having been first duly sworn, make oath that the facts and things stated in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.

_____
ALEXANDER RAYMOND STOCK

Sworn to and subscribed before me, a Notary Public, this 14th day of September 2023.

_____
Notary Public

My commission expires: 06-18-2024

*[Notary Seal: Kala Barnett, State of Tennessee, Notary Public, Franklin County, My Commission Expires on 06/18/2024]*

9